IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ERIC CHARLES BURT,

    Petitioner,

vs.                                                  4:03cv308-SPM/AK

JAMES CROSBY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Petitioner, an inmate proceeding pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 7, and has paid the filing fee. The original petition is dated September 18, 2003. *See* Doc. 1.

    Petitioner was convicted of selling or delivering a controlled substance within 1000 feet of a convenience store and sentenced to seven years imprisonment. He appealed, and his conviction and sentence were affirmed on August 31, 2001. *Burt v. State*, 793 So.2d 931 (Fla. D. Ct. App. 2001). That decision became final ninety days thereafter, or November 29, 2001. *Nix. v. Secretary for Department of Corrections*, 393 F.3d 1235 (11th Cir. 2004). On February 25, 2003, Petitioner filed a Rule 3.850 motion for post-conviction relief.

From the date that Petitioner's conviction became final, he had one year to seek federal habeas review of his conviction, or November 29, 2002. 28 U.S.C. §2244(d)(1)(A). As the instant petition was not filed until September 18, 2003, almost ten months out of time, Petitioner clearly missed the filing deadline, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). In other words, the time for filing the instant petition had expired before Petitioner filed the post-conviction motion in state court on February 25, 2003, and the filing of that motion could not toll a statute of limitations that had already expired. It is of no consequence that the State statute allows a prisoner two years to seek post-conviction relief, as he has only one year to seek relief in this Court.

In his reply, Petitioner argues that he previously submitted a habeas corpus petition to this Court which he voluntarily dismissed. Doc. 14. He does not provide a case number, and the Court has no official record of Petitioner's having filed any other cases in this Court. He also suggests that the one-year limitations period should not commence until March, 2003, because it was only then that he "did discover for himself the true scope or legal aspects of his constitutionally protected rights that were violated at his trial and during his appeal process." *Id*. Thus, according to Petitioner, because his petition was filed before March, 2004, the Court should consider it timely filed.

Although §2244(d)(1)(D) provides an alternative date for commencement of the one-year statute of limitations, i.e., "when the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence," this subsection does not encompass time for a petitioner to research the law and the record, and thus, Petitioner can find no relief via this subsection.  Furthermore, though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Alternatively, this cause should be transferred to the Middle District of Florida.  At the time this proceeding was instituted, Petitioner was incarcerated at Gainesville Correctional Institution, which is located within the Northern District of Florida.  He challenges his conviction out of the Circuit Court of Duval County, Florida.  Jurisdiction is therefore appropriate in either this district or in the United States District Court for the Middle District of Florida, as the districts of confinement and conviction, respectively.  28 U.S.C. § 2241(d).

The district of conviction would appear to be the most convenient for witnesses should an evidentiary hearing be necessary, and therefore, if the Court determines that this cause is timely, transfer to the Middle District is appropriate. Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (division of conviction, where witnesses were located, was appropriate venue over division of confinement in challenge to conviction);  Parker v. Singletary, 974 F.2d 1562, 1582, n. 118 (11th Cir. 1992) (courts should give careful consideration to convenience of witnesses in

transferring habeas corpus petitions under § 2241(d)).

Because the instant petition is untimely, it is respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus, Doc. 7, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.  In the alternative, it is respectfully recommended that this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this __**8th**__ day of June, 2005.


s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**